UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY THOMAS,

        Petitioner,

v.

MATT MaCAULEY,

        Respondent.
_____/

Case No. 1:21-cv-118

Hon. Hala Y. Jarbou

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

**Discussion**

I. **Factual Allegations**

Petitioner Mark Anthony Thomas is incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. On August 17, 2012, Petitioner pleaded *nolo contendere* in the Wayne County Circuit Court to third-degree criminal sexual conduct (CSC-III), in violation of Mich. Comp. Laws § 750.520d and to being a fourth habitual offender, Mich. Comp. Laws § 769.12. Petitioner was initially charged with first-degree criminal sexual conduct, assault with intent to commit sexual penetration, and felonious assault. *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=1272720 (visited Feb. 5, 2021). Moreover, at the preliminary examination, the prosecutor sought to add a kidnapping charge and Petitioner was bound over on that charge as well. (Prelim. Exam. Tr., ECF No. 1-1.) The Wayne County Circuit Court docket suggests that the prosecutor did not amend the information to include that charge before the plea was entered.

During the preliminary examination, the victim testified that she agreed to permit Petitioner to penetrate her mouth and her vagina with his penis in exchange for money. She then left for a while. During her absence, she acquired crack cocaine and, upon her return, smoked some of the drug. The victim reported that, thereafter, Petitioner threatened her with a sword and hit her with the sheath of the sword to force a penile/oral penetration against her will, and then an attempted penile anal penetration against her will. Petitioner was forcing another penile/oral penetration when the victim used her cell phone to summon help.

On September 4, 2012, the court sentenced Petitioner to a prison term of 4 to 15 years. Petitioner's earliest release date passed almost five years ago; his maximum discharge date

2

is May 28, 2027.  *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=476165 (visited Feb. 5, 2021).

On January 20, 2021, Petitioner filed his habeas corpus petition.  Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  The form petition indicates that it was placed in the prison mailing system on January 11, 2021.  (ECF No. 1, PageID.22.)  The petition, however, was not prepared by Petitioner.  It was prepared by a "prison litigator/jailhouse lawyer," Jason Sanders (*Id*., PageID.5, 22.)  Petitioner signed a verification, but the date on that document is January 20, 2021.  (*Id*., PageID.23.)  The postmark on the envelope containing the petition was February 2, 2021.  That leaves an unusually long gap between signature and actual mailing; however, the Court will presume the date that Petitioner signed the verification is the date he handed the petition to prison officials for mailing and that any delay beyond that date is attributable to prison officials.

## II.      Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

   In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The procedural history set forth by Petitioner's jailhouse lawyer is inaccurate. Petitioner reports that he appealed his judgment of conviction to the Michigan Court of Appeals on October 16, 2012 and that the appeal concluded on April 2, 2013.

   The Wayne County Circuit Court docket tells a different story. *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=1272720 (visited Feb 5, 2021). That docket shows that on October 16, 2012, the trial court appointed counsel so that Petitioner could pursue an application for leave to appeal. To facilitate that effort, the plea and sentencing transcripts were ordered. But no application for leave to appeal was filed.[1] *See* https://courts.michigan.gov/

---

[1] Petitioner's jailhouse lawyer suggests that appellate counsel "coerced defendant" to not pursue an appeal, (Pet., ECF No. 1, PageID.2), because she "threatened that he would receive more time if he appealed," (*Id.*, PageID.6). Petitioner offers that threat as proof of ineffective assistance; however, the same words might be used to describe professionally reasonable advice that "undoing" the plea would potentially subject Petitioner to life sentences for CSC-I or kidnapping and certainly a much less favorable sentence if the court imposed a term-of-years sentence. *Compare* Mich. Comp. Laws § 777.62 (sentencing grid for Class A Offenses, including CSC-I) *and* Mich. Comp. Laws § 777.63 (sentencing grid for Class B Offenses, including CSC-III) (both of which are impacted by Petitioner's habitual offender status pursuant to Mich. Comp. Laws § 777.21(3)).

opinions_orders/case_search/pages/default.aspx?SearchType=2&PartyName=thomas+mark+a& CourtType_PartyName=3&PageIndex=0&PartyOpenOnly=0 (visited Feb. 5, 2021).

Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review.") (emphasis added). Petitioner had six months, until March 4, 2013, in which to a file a delayed application for leave to appeal in the Michigan Court of Appeals. See Mich. Ct. R. 7.205(G)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3)—the predecessor provision to Rule 7.205(G)(3)—expired); *see also Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review).

One year after March 4, 2013, or March 4, 2014, the period of limitation expired. Petitioner filed his application on January 20, 2021. Obviously he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only state, and not federal, processes); *Artuz v. Bennett*, 531 U.S.

4, 8 (2000) (defining "properly filed"). On September 6, 2016, Petitioner—or someone on his behalf—filed a motion for relief from judgment in the Wayne County Circuit Court. By order entered March 25, 2019, the court denied relief. The court appointed counsel for Petitioner to pursue an appeal.

Petitioner, with the assistance of counsel, filed an application for leave to appeal. By order entered July 1, 2019, the Michigan Court of Appeals denied leave. *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=348381&CourtType_CaseNumber=2 (visited Feb. 5, 2021). After the Michigan Court of Appeals denied leave, Petitioner's appellate counsel sent Petitioner forms and told him to fill them out and mail them to the Michigan Supreme Court within 56 days. (Pet., ECF No. 1, PageID.2.) Mr. Sanders indicates that Petitioner could not because he "is highly medicated, seriously mentally ill, and has no education or knowledge of law." (*Id.*)

Petitioner's motion for relief from judgment was "pending" from the date he filed it in the trial court until the date he could no longer timely file an application for leave to appeal in the Michigan Supreme Court. *See Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016) ("[W]e hold that [Petitioner's] federal habeas petition was timely filed because AEDPA's one-year statute of limitations was tolled during the period in which he could have, but did not, appeal the Michigan Court of Appeals' denial of his motion for post-conviction relief."). Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). Accordingly, Petitioner could have filed his application for leave to appeal to the Michigan Supreme Court up to, and including, June 20, 2019. On that date, if his period of limitation had not already expired, it would have commenced to run again.

6

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Vroman v. Brigano*, 346 F.3d 598, (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.* Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See McClendon v. Sherman,* 329 F.3d 490, 493–94 (6th Cir. 2003).

Because Petitioner's one-year period expired in 2014, his collateral motion filed in 2016 did not serve to revive the limitations period unless there was some other circumstance that might toll the period of limitation between March 4, 2014, and September 6, 2016. Moreover, even if the statute were tolled for that entire 30-month period, Petitioner waited another 19 months after his collateral motion was no longer pending before he filed this petition. Thus, Petitioner would have to toll the running of the statute for at least another 7 months of that period for his petition to be timely.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The doctrine of equitable tolling is to be applied "sparingly." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). The Sixth Circuit has echoed that caution in the context of habeas corpus petitions. *See, e.g., Watkins v. Deangelo-Kipp*, 854 F.3d 846, 851 (6th Cir. 2017) ("But we must take care to only apply the equitable tolling doctrine 'sparingly.'"); *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011) ("We have indicated that equitable tolling should be applied

7

'sparingly[.]'"). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner suggests that he faced extraordinary circumstance that prevented timely filing. Petitioner states:

1. [Petitioner] tried to plea[d] insanity and request an evaluation (competency) but his counsel refused to do so. (PageID.2);

2. Pleas was taken while [Petitioner] was incompetent and was confused 100% . . . incompetence was not considered . . . despite history of mental illness medication, and usage of medication the day of the alleged offense and hearing. (PageID.2);

3. [Petitioner] is highly medicated, seriously mentally ill, and has no education or knowledge of law. (PageID.2);

4. [D]uring time and date of incident [Petitioner] had refused meds 8 hours before and after incident, during court proceedings . . . . (PageID.3);

5. [Petitioner] is mentally ill, was in seg and is ignorant to the law. . . . [Petitioner] cannot cope with the everyday ordinary demands of life and had no clue how to appeal . . . . (PageID.5);

6. [Petitioner] lacked capacity to stand trial where the record clearly shows that [he] was being treated with psyc[h]otropic medication for [schizophrenia], depression, PTSD and stated he could not remember the events that occur[r]ed the day of the incident due to the facts that he had not been taking his psychological medication. This . . . clearly should have warranted a compet[e]ncy hearing since [Petitioner] needed his medication to properly function . . . . Failure to properly take medication caused memory loss and other side-effects and behaviors. (PageID.6);

7. [Petitioner] was diagnosed as a paranoi[d] schizophrenic and to this very day he cannot cope with the ordinary [incidents] of life. (PageID.9); and

8. [Petitioner] is mentally ill, heavily medicated, ignorant of the law, and had no assistance . . . . (PageID.15)

(Pet., ECF No. 1.)

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Petitioner's struggles with his mental health, however, could be an extraordinary circumstance that warrants tolling.

In *Ata*, 662 F.3d at 741–42, the Sixth Circuit held that mental incompetence may be an extraordinary circumstance within the meaning of *Holland*, 560 U.S. at 631. Merely stating that a petitioner is mentally ill or incompetent, however, is not enough. To prove mental incompetence that would toll the statute of limitations, "a petitioner must demonstrate that (1) he is mentally incompetent, and (2) his mental incompetence caused his failure to comply with the AEDPA's statute of limitations." *Ata,* at 742. "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id*. In addition, the court applied the standard set forth in *Schriro v. Landrigan*, 550 U.S. 465, 474–75 (2007), to determine whether the petitioner has made a sufficient showing to warrant an evidentiary hearing. An evidentiary hearing is only required when the petitioner's allegations are sufficient to support equitable tolling and the assertions are not refuted by the record or otherwise without merit. *Ata*, at 742.

Moreover, even if a petitioner shows that he or she was rendered incompetent by mental illness at one time, it does not mean that incompetence warrants tolling indefinitely. In *Watkins*, 854 F.3d at 846, the Sixth Circuit rejected a claim of equitable tolling because of mental

9

illness. Although the petitioner had alleged that he was mentally incompetent at the time of trial, he presented no evidence that his mental health status impaired him during the limitations period and caused the untimely filing. *Id.* at 852 (citing *Kitchen v. Bauman*, 629 F. App'x 743 (6th Cir. 2015)). The fact that a person is receiving psychotropic medication could weigh more in favor of his being able to function than not. *Miller v. Runyon,* 77 F.3d 189, 191–92 (7th Cir. 1996). Thus, contrary to Petitioner's suggestion that his taking of psychotropic medication evidences his incompetence, the fact that Petitioner takes such medications may support the determination that he was not incompetent.

Additionally, the fact that Petitioner has been able to secure assistance to pursue his motion for relief from judgment and this petition suggests that he is not so incapable that he is incompetent to protect his rights.[2] "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Brown v. McKee*, 232 F. Supp. 2d 761, 768 (E.D. Mich. 2002); *see also Watkins* (holding that assertion of existing mental illness during the period of limitations does not demonstrate that the illness caused the delay in filing, especially given that the petitioner filed two timely motions in state court).

There is not an adequate showing in the petition to demonstrate that an extraordinary circumstance prevented Petitioner from timely filing his petition for the 30-month period between final judgment and his motion for relief from judgment or the 19-month period

---

[2] Petitioner was also able to file a 57-page prisoner civil rights case during this alleged period of incompetency: *Thomas v. Mich. Dep't of Corr. et al.,* No. 1:16-cv-691 (W.D. Mich.). In *Kitchen*, the Sixth Circuit stated: "The fact that Kitchen was able to file a civil action in federal court challenging his confinement within the one-year limitations period demonstrates that any mental incompetency did not prevent him from pursuing his legal rights in a timely, albeit unsuccessful, manner." *Kitchen*, 629 F. App'x at 748.

10

after his motion was no longer pending. Similarly, the allegations in the petition do not suffice to show that Petitioner was diligent in pursuing his rights during those periods. Accordingly, equitable tolling does not render the petition timely.

Finally, in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner baldly claims that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. To the contrary, the transcript of the preliminary examination with the entire testimony of the complaining witness provides support for a determination of guilt on the initial charges of CSC-I and assault with intent to commit penetration as well as the proposed additional charge of kidnapping. Petitioner challenges the credibility of that testimony, but there was certainly sufficient evidence to permit the jury to make that determination. Because Petitioner has wholly failed to provide evidence of

11

his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated:   February 9, 2021                          /s/ Hala Y. Jarbou
                                                                                    HALA Y. JARBOU
                                                                                    UNITED STATES DISTRICT JUDGE