UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARK ANTHONY THOMAS,

        Petitioner,             Case No. 1:21-cv-118

v.                                            Hon. Hala Y. Jarbou

MATT MACAULEY,

        Respondent.
_____/

**ORDER**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court conducted a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases. The Court concluded that Petitioner had failed to timely file his petition, but allowed Petitioner 28 days to show cause why his petition should not be dismissed as untimely. (Op. and Order, ECF Nos. 3, 4.) Petitioner requested an extension. (ECF No. 5.) The Court extended the show cause deadline to April 5, 2021. (ECF No. 6.) Petitioner has not filed a timely response.

For the reasons set forth in the Court's February 9, 2021, opinion (ECF No. 3), the Court concludes that the petition is untimely. Petitioner has failed to any extraordinary circumstance prevented Petitioner from filing and his conduct cannot be described as diligent. Accordingly, Petitioner is not entitled to equitable tolling. Moreover, Petitioner has not demonstrated actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995), to avoid the statute of limitations bar.

Petitioner has failed to show cause to excuse the tardy filing of his habeas petition. Therefore, the Court will enter judgment dismissing the petition with prejudice.

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly,

**IT IS ORDERED** that a certificate of appealability is **DENIED**.

Dated: April 20, 2021      /s/ Hala Y. Jarbou
　　　　　　　　　　　　　HALA Y. JARBOU
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE